UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-543-H

STEFANIA FRIERSON,
ADMINISTRATRIX OF THE ESTATE
OF EDWARD STONE, DECEASED                                              PLAINTIFF

V.

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, INC., d/b/a
GOOD SAMARITAN SOCIETY-JEFFERSONTOWN                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Stefania Frierson, is the Administratrix of the Estate of Edward Stone, who was a resident of the facility owned by Defendant, Good Samaritan. The complaint and the subsequent amended complaint alleges that Good Samaritan negligently failed to deliver care, services and supervision and further failed to discharge its other legal obligations resulting in Stone's injury and ultimately his death. Defendant has moved to dismiss on the grounds that the complaint and the amended complaint do not adequately plead sufficient facts to meet the plausibility standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 550 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Plaintiff 's amended complaint was in partial response to the motion. The Court has had an opportunity to review the motions and the amended complaint.

In its pertinent parts, the amended complaint alleges that Stone was not properly fed, that Defendant mismanaged his medical chart and that they failed to contact Stone's family upon his request or upon significant change in his condition. It alleges that Stone looked to Defendant for his total treatment needs and these were not provided to him. The complaint alleges that as a result of this wrongful conduct Stone suffered accelerated deterioration of his health and

physical condition, including multiple falls, skin infections, malnutrition, dehydration and ultimately death. The amended complaint makes many other general allegations to support these claims. It asserts that these facts support a claim of negligence, corporate negligence, violation of Stone's long-term resident care rights.

After reviewing the amended complaint, the Court concludes that it does meet the "plausibility standard" of *Twombly* and sufficiently pleads "factual content that allows the Court to draw a reasonable inference that the Defendant is liable for the misconduct alleged under *Iqbal.*" *Id.* at 1949. Certainly, a gray area transitions between alleging "sheer possibility" and the plausibility of entitlement to relief. Although the factual allegations here are somewhat bare, the Court believes that they are sufficient to suggest at the very least a strong plausibility for Plaintiff's relief.

By writing a relatively short opinion, the Court does not intend in any way to denigrate the forcefulness of Defendant's arguments. Certainly the amended complaint contains numerous allegations that are nothing more than "threadbare recitals or leave of conclusions." However, the more specific allegations of the amended complaint do, in the Court's opinion, "provide grounds of [Plaintiff's] entitlement to relief that extends beyond labels and conclusions and beyond a mere formulaic recital of the elements of the cause of action." *Twombly* at 555. The Court believes that it is best these allegations be tested under the discovery process, which will determine whether Plaintiff is entitled to proceed to trial.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is SUSTAINED and the amended complaint is ORDERED filed.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is DENIED.

cc: Counsel of Record