UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-cv-00543-H

STEFANIA FRIERSON,
ADMINISTRATRIX OF THE ESTATE
OF EDWARD STONE, DECEASED                                                PLAINTIFF

V.

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY, INC.,
d/b/a GOOD SAMARITAN SOCIETY JEFFERSONTOWN          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a case in which Plaintiff, Stefania Frierson, Administratrix for the Estate of Edward Stone, has brought suit against The Evangelical Lutheran Good Samaritan Society, which operates a Good Samaritan nursing home in Jeffersontown, Kentucky. Stone was a resident at the home from June, 2005, until his death in November, 2011. Plaintiff alleges that Good Samaritan was negligent and violated many of its duties under KRS 216.515, all of which led to Stone's various injuries and, ultimately, his death.

Plaintiff initially filed in Jefferson Circuit Court on April 30, 2013. Thereafter Defendant timely removed to this Court. Almost immediately, Defendant also moved to dismiss the complaint and its amended version due to the failure to state any grounds more than mere "threadbare recitals." In truth, the motion had considerable merit; the complaint contained few specifics. After considering the motion, however, on November 13, 2013, this Court denied it, stating that "it is best these allegations be tested under the discovery process, which will determine whether Plaintiff is entitled to proceed to trial." Unfortunately, Plaintiff did not take full or even any advantage of that discovery process until very late in it.

The discovery proceeded as follows. On January 29, 2014, the Court approved the litigation plan proposed by the parties which provided for initial disclosures by January 31; expert reports by May 2; and discovery closing on October 15. After both parties made initial disclosures, initially nothing happened until June 23, 2014, when Defendant moved to exclude any experts which might later be identified as being beyond the Court's deadline. Defendant also noted that Plaintiff had failed to submit any written discovery or to schedule any depositions. Soon thereafter, on July 7, 2014, Defendant moved for summary judgment, even though discovery as a whole is not set to close until some three months later.

At this point, on July 25, 2014, Plaintiff moved for a new scheduling order and filed late expert disclosures. On August 7, 2014, Plaintiff propounded interrogatories and moved to vacate the Court's order which had excluded Plaintiff's experts. On October 7, in an attempt to clear up the developing mess, the Court held a conference at which Plaintiff offered no particular explanation for the failure to proceed with discovery in the case. A week late the discovery deadline expired.

First, the Court will resolve the immediate discovery issues. Plaintiff has failed to comply with the expert discovery deadline and has offered no reason for that failure. Defendant only moved to exclude experts after some 50 days had expired for disclosing them. The Court believes that it would be unfair to now allow Plaintiff to use such experts. Therefore, the Court will deny the motion to reconsider the exclusion of experts.

Plaintiff did file a proper and timely discovery request in the form of interrogatories. Defendant should have answered those interrogatories even though it had filed a motion for summary judgment. Defendant shall now answer these interrogatories. In addition, the

discovery deadline for depositions will be extended to accommodate depositions that may have occurred after receiving the interrogatory answers.

The remaining and significant question is whether and to what extent Plaintiff can successfully prosecute any of its claims without expert testimony. No doubt some entry claims and, likely, the death claim cannot possibly proceed. Others, more directly related to statutory claims may remain viable. The Court will resolve those at a later time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for a new scheduling order is SUSTAINED IN PART and on or before **November 20, 2014**, Defendant shall answer the pending interrogatory requests.

IT IS FURTHER ORDERED that the discovery deadline for depositions is extended to **December 19, 2014**.

IT IS FURTHER ORDERED that Plaintiff's motion for the Court to reconsider its order excluding experts is DENIED.

Any other pending motions are MOOT.

cc: Counsel of Record